IRWIN MAZO and JULIE MAZO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Mazo v. Commissioner
Docket Nos. 1532-72, 2428-72, 2429-72, 2539-72, 2709-72, 2711-72.
United States Tax Court
T.C. Memo 1973-125; 1973 Tax Ct. Memo LEXIS 160; 32 T.C.M. (CCH) 546; T.C.M. (RIA) 73125; June 12, 1973, Filed Erwin A. Friedman, for the petitioners. Edward P. Phillips, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax: 2 Docket No.
Petitioner
Year
Amount
Additions to Tax Sec. 6651(a), I.R.C. 1954 1532-72
Irwin and Julie Mazo
1964
$3,001.08
1965
2,982.59
1966
2,241.24
1967
2,393.84
1968
7,846.49
2428-72
Norman W. and Doris Fries
1964
5,433.53
1967
11,864.06
1968
29,514.65
$12429-72
Milton Mazo
1964
5,109.24
1968
26,074.80
2539-72
William and Helen C. Lattimore
1965
2,257.67
$564.42
1966
3,702.92
925.73
1967
6,108.29
1,527.07
1968
2,296.34
114.82
2709-72
Marvin I. and Gail Rosenzweig
1964
6,663.67
1965
1,474.33
1967
3,877.78
1968
10,272.67
2710-72
Barney L. and Ruth S. Sadler
1964
5,610.49
1967
11,417.96
1968
25,795.29
2711-72
Harry Minkovitz and Hazel
1967
2,378.07
1968
1,987.08
*161 The parties have filed two stipulations of fact, which are incorporated herein by this reference. The male petitioners were stockholders in Savannah Inn and Country Club, Inc., a Georgia corporation, which had filed an election on August 23, 1967, to be treated as a small business corporation under subchapter "S" of the 1954 Code. 3 The sole question presented for decision is whether the corporation had more than 10 stockholders at the time of that election. See sec. 1371(a) (1), I.R.C. 1954. The General Oglethorpe Hotel was constructed in 1927 on Wilmington Island, near Savannah, Georgia. In 1965, after some years of idleness and when it was in need of substantial renovation, the hotel was purchased by petitioner William Lattimore. He planned to revitalize the property and to develop it as a prestigious resort hotel with an accompanying golf course. To that end he caused the General Oglethorpe Resort Hotel Corp. to be organized in 1965 and conveyed the property to it. After several changes of names it became known as the Savannah Inn and Country Club, Inc. (the "Savannah Inn"), referred to hereinabove. By the spring of 1967 Savannah Inn had 15 stockholders, one *162 of which was a corporation (Palmer & Cay, Inc.). The renovation and reconstruction of the property turned out to require considerably more funds than had originally been projected. The stockholders and board of directors of Savannah Inn met frequently, at least several times a week to consider the problems of the enterprise.All the stockholders of Savannah Inn (including John Cay, the dominant officer of Palmer & Cay, Inc.) were members of its board of directors. By mid-June, 1967, it appeared that $200,000 additional cash was 4 required from the stockholders in order for the project to continue. The stockholders at that time also held seven percent debentures of the corporation. At a combined meeting of the stockholders and board of directors held on June 15, 1967, an attempt was made to induce all 15 stockholders to contribute the needed cash. Five of the stockholders refused to make any further investment and it was then decided to have them turn in their stock in exchange for additional seven percent debentures. Such exchange was carried out during the next few days. Eight of the remaining 10 stockholders contributed the needed $200,000 to the corporation. For reasons *163 set out in the evidence, two of the 10 stockholders were permitted to continue in their capacity as stockholders without any further contribution. After the June 15, 1967, meeting the five "withdrawing" stockholders no longer participated in the affairs of the corporation; they did not attend stockholders' or directors' meetings; they did not vote; and did not in any manner have any proprietary interest in the corporation or its affairs. Their relationship to the corporation was simply that of debtor-creditor, and they in fact never did receive anything in respect of the debentures for which they exchanged their stock. 5 The Government contends that the situation is a sham, that when substance is considered rather than form the five "withdrawing" stockholders still retained an equity interest in the corporation and that it therefore failed to qualify as a subchapter S corporation at the time of the election. The matter is entirely factual, and we concluded at the end of the trial that there had been a bona fide termination of the stockholder status of the five stockholders as of June 15, 1967, and we so find as a fact. It follows that the only objection raised against the *164 qualification of Savannah Inn under subchapter S must be rejected. Only 10 stockholders remained at the critical date and we hold that the election complied with the relevant statutory requirement as to the number of stockholders. Decisions will be entered under Rule 50. Footnotes
1. Cases of the following petitioners are consolidated herewith: Norman W. Fries and Doris Fries, docket No. 2428-72; Milton Mazo, docket No. 2429-72; William and Helen C. Lattimore, docket No. 2539-72; Marvin I. Rosenzweig and Gail Rosenzweig, docket No. 2709-72; Barney L. Sadler and Ruth S. Sadler, docket No. 2710-72; and Harry Minkovitz and Hazel Minkovitz, docket No. 2711-72. ↩